IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| LEROY JAMES SCHMITZ, | ) | Cause No. CV 07-01-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| KATHY HAUGLAND; MIKE FERRITER; | ) | |
| MIKE MAHONEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

On July 10, 2006, Plaintiff Leroy Schmitz filed this action alleging civil rights violations, pursuant to 42 U.S.C. § 1983.   Mr. Schmitz is a state prisoner proceeding pro se.

Mr. Schmitz initially filed a Complaint form that referred both to 42 U.S.C. § 1983 and 28 U.S.C. § 2254.  On July 24, 2006, United States Magistrate Judge Richard W. Anderson ordered Mr. Schmitz to clarify the nature of the action he intended to file.  On August 9, 2006, Mr. Schmitz submitted another Complaint form, which was filed as an Amended Complaint.  The Court will read the original Complaint and supplement together with the Amended Complaint.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

1126 (9th Cir. 2000) (en banc).  The court must liberally construe pro se pleadings.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The court must also identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez*, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## II.  Mr. Schmitz's Allegations

In October 2005, Mr. Schmitz was placed in temporary lock-up for 19 days and then reclassified to a more restrictive portion of Montana State Prison.[1]  He contends that this occurred because Defendant Haugland falsely claimed that he threatened her and/or that he talked about her one weekend.  He also contends that the officer who found him guilty did not take evidence from a witness Mr. Schmitz identified.  As a result of his reclassification, Mr. Schmitz lost his placement in school and suffered mental distress. Mr. Schmitz seeks injunctive relief in the form of

---

[1] The physical plant at the Montana State Prison consists of the three compounds: Max, High Side, and Low Side. As the names suggest, the level of custody varies among the compounds. Mr. Schmitz was transferred from Low Side to the more restrictive High Side.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

expungement of his disciplinary record, return to the less restrictive area of the prison and to school, and a reprimand to Haugland, as well as an award of costs. *See generally* Compl. (doc. 1) at 4-5, 7-9; Supp. (doc. 3) at 2-4; Am. Compl. (doc. 7) at 4-5.

## III. Analysis

Mr. Schmitz fails to state a claim on which relief may be granted. Amendment would be futile. His Complaint should be dismissed with prejudice.

The only claim Mr. Schmitz could make under 42 U.S.C. § 1983 is a claim for violation of his right to due process.[2] To state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1971); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Whether a hardship is "atypical and significant" depends on three factors:

1) whether the challenged condition 'mirrored those conditions imposed upon

---

[2] Mr. Schmitz does not refer to any conditions that could conceivably amount to cruel and unusual punishment in violation of the Eighth Amendment. *See generally Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

> inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87).  *See also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (holding that inmate was not deprived of a liberty interest where he was placed at a higher security level than indicated by calculation under controlling prison regulations).

In Mr. Schmitz's case, the threshold requirement for showing a liberty interest is not met. Mr. Schmitz was sentenced to serve 100 years for deliberate homicide.  *See* CON Network, http://app.mt.gov/conweb. "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225.  Consequently, placement in any part of a Montana prison would not affect the sentence in an unexpected manner.  The first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met.  Mr. Schmitz's placement in temporary lock-up or relocation to the more restrictive area of the prison did not impose an "atypical and significant" hardship upon him.  Placement in temporary lock-up falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986).  Additionally, Mr. Schmitz spent 19 days there, *see* Compl. at 7, a period of time that is certainly too brief to give rise to a liberty interest.  *Compare Sandin*, 515 U.S. at 486 (placement in segregation for 30 days did not give rise to a liberty interest). As for reclassification, it is well-established that inmates have no protected liberty interest in their classification status or in their access to rehabilitative programs, such as school.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Duffy v. Riveland*, 98 F.3d 447, 457 (9th Cir. 1996); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989).  Mr. Schmitz's reclassification  placed him in conditions that

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

are well within prison officials' discretion to impose.  There is no suggestion that Mr. Schmitz's

placement there will be of longer duration than any other inmate's.  There is no suggestion that Mr.

Schmitz's placement will inevitably affect the length of his sentence; *Sandin* itself precludes

consideration of the effect of Mr. Schmitz's placement on his parole prospects as "too attenuated."

*See Sandin*, 515 U.S. at 487.

Mr. Schmitz cannot show that he had a liberty interest in avoiding placement in temporary

lock-up or in remaining in the less restrictive area of the prison.  Therefore, it is irrelevant whether

he received adequate due process protections, because he was not constitutionally entitled to due

process.  Amendment would be futile.  The action should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  The Complaint (docs. 1, 3, 7) should be DISMISSED WITH PREJUDICE for failure to

state a claim.

2.  The docket should reflect that Mr. Schmitz's filing of this action counts as one strike

against him for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3.  Pursuant to Fed. R. App. P. 24(a)(4)(B), the District Court should CERTIFY that any

appeal from this disposition would not be taken in good faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United

States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any

objections to these findings must be filed or delivered to prison authorities for mailing within twenty

(20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is

waived.

DATED this <u>3rd</u> day of May, 2007.


<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6